ABRAHAM SNIDER, Individually and as Executor, etc., of MICHAEL SNIDER, Deceased, Respondent, *v.* C. LOUISE SNIDER, as Executrix, etc., of MICHAEL G. SNIDER, Deceased, Appellant, Impleaded with THERON SNIDER, as Executor, etc., of MICHAEL SNIDER, Deceased.

*Will — life estate with remainder over — construction of "his heir or heirs" — position of the widow.*

A testator bequeathed to his son Michael a certain sum, "to be held, used and enjoyed by him, my said son, during his life, and at his death to his heir or heirs, should he have any," and provided that in case Michael should die without issue, said sum should pass to the testator's son Abraham

*Held*, that, upon the death of Michael without issue, Abraham was entitled to recover from his (Michael's) executor the principal of the fund;

That the term "to his heir or heirs" must be construed to mean "heirs of his body;" that the widow of the original legatee could, as a widow, have no claim to the fund, and was neither his heir nor next of kin.

APPEAL by the defendant, C. Louise Snider, as executrix, etc., of Michael G. Snider, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 1st day of July, 1896, upon the decision of the court rendered after a trial at the Orange Special Term.

*A. H. F. Seeger*, for the appellant.

*E. A. Brewster*, for the respondent.

CULLEN, J.:

One Michael Snider died in February, 1873, leaving a will, by which he made the following bequest: "I give and bequeath the sum of two thousand five hundred dollars to my son, Michael G.

Snider, to be paid to him by the executors of this my will, and to be held, used and enjoyed by him, my said son, during his life, and at his death to his heir or heirs, should he have any. Should he die without issue, I give and bequeath said sum of two thousand five hundred dollars to my son Abraham."

Michael G. Snider received the sum of $2,500 bequeathed to him. He died in September, 1895, without ever having had issue. Thereupon this action was brought by the testator's son Abraham against the defendant, as executor of Michael G. Snider, to recover the principal of said legacy.

In our opinion the correctness of the judgment below is not subject to serious question. There is no repugnancy between the gift over on the death of Michael without issue and the previous gift to Michael. The gift to Michael was only of a life estate, and that a remainder may be limited on a bequest of personal property is unquestionable. The fact that the testator sees fit to intrust the life tenant with the custody of the fund does not affect the character of the interest bequeathed to him. (Smith v. Van Ostrand, 64 N. Y. 278.) The terms used in the will, "his heir or heirs," should be construed as meaning "heirs of his body." (Bundy v. Bundy, 38 N. Y. 410.) This is made clear from the fact that the gift to Abraham is·in case Michael should "die without issue." The question, however, is of no practical importance as the legatee over is the sole heir of the legatee for life. He is, therefore, entitled to receive the whole fund, in one capacity or the other, unless the defendant, who is the widow of the legatee for life, can claim as an heir of that legatee. It is settled by authority that a widow is neither next of kin nor heir. (Tillman v. Davis, 95 N. Y. 17; Murdock v. Ward, 67 id. 387; Keteltas v. Keteltas, 72 id. 312.)

The judgment appealed from should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.