In the Matter of the Accounting of JOHN V. EVANS, as Surviving Executor of and Trustee under the Will of EVAN EVANS, Deceased.

BURT W. EVANS et al., Appellants; MABEL E. BLUE, as Administratrix of the Estate of EVAN T. EVANS, Deceased, Respondent.

**Will — construction — whether words " or his heirs " are used as words of limitation or of substitution a question of intention to be gathered from whole will — when they must be construed as words of substitution.**

1. Whether the words " or his heirs " are used in a will as words of limitation or of substitution is a question of intention to be gathered from the whole will, with context and cognate gifts shedding light upon the meaning. As applied to a gift of personal estate, the word " heirs " is not a term of art, as it is in a devise of real estate. Its office as a word of limitation, however natural or presumptive where the subject-matter of the gift is land, is by analogy only, and one that is wavering and dubious, when the subject-matter of the gift is money.

2. Where a testator, by his will, gave certain real property to his daughter for life and provided that upon her death said property should be sold and the proceeds divided between his two sons " or their heirs respectively," and by a subsequent provision he directed the residue of his estate to be divided into three parts, one part of which he gave to each of his two sons " or his lawful heirs " and the third part of which he directed should be left in the hands of his executors, they to pay the income to his daughter during her life and at her death divide the principal between his two sons " or their heirs respectively," the words " or their heirs " must be construed as words of substitution, where upon examination of all of the provisions of the will such appears to be the manifest intention of the testator, and the children of a deceased son take their father's share upon the death of the daughter, to the exclusion of his widow. (*Steinway* v. *Steinway,* 163 N. Y. 183; *Miller* v. *Gilbert,* 144 N. Y. 68; *Hobbie* v. *Ogden,* 178 Ill. 357; *Muhlenberg's Appeal,* 103 Penn. St. 587, distinguished.)

*Matter of Evans,* 199 App. Div. 952, reversed.

(Argued May 31, 1922; decided July 12, 1922.)

APPEAL from an order of the Appellate Division of the Supreme Court in .the fourth judicial department, entered November 16, 1921, which reversed a decree of the Oneida County Surrogate's Court construing the will of Evan Evans, deceased.

*P. C. J. De Angelis* for appellants.   The overshadowing rule of construction that the intention of the testator must control justifies the appellants' contention.   (*Lyons v. Ostrander,* 167 N. Y. 135; *Marsh v. C. P. Brewing Co.,* 220 N. Y. 205.)

*Richard R. Martin* for respondent.   When property real or personal is given by will to a person " or his heirs " these words are regarded as words of limitation and not as words of substitution in the absence of language in the will indicating a contrary intention.   (*Steinway v. Steinway,* 163 N. Y. 183; *Matter of Allison,* 53 Misc. Rep. 222; 122 App. Div. 898; 194 N. Y. 540; *Miller v. Gilbert,* 144 N. Y. 68; *Muhlenberg's Appeal,* 103 Penn. St. 587; *Hobbie v. Ogden,* 178 Ill. 357; *Matter of De Puy,* 194 App. Div. 796.)   Under the third clause of the will and under the latter part of the ninth clause alike the administratrix of Evan T. Evans is entitled as matter of procedure to receive the funds which would be payable to Evan T. Evans were he alive.   (*Meakings v. Cromwell,* 5 N. Y. 136; *Cahill v. Russell,* 140 N. Y. 402; *Salisbury v. Slade,* 160 N. Y. 278; *Williams v. Williams,* 152 App. Div. 323; *Bowditch v. Ayrault,* 138 N. Y. 222.)

CARDOZO, J.   The third and ninth subdivisions of the will of Evan Evans, now before us for construction, contain the following provisions:

"*Third:* I give, devise and bequeath to my daughter Ellen of Utica, N. Y., the use during her lifetime, of my brick house on Miller Street which she now occupies; and after her decease the same to be sold, and the proceeds

to be equally divided between my son John V. Evans
and my son Evan T. Evans or their heirs respectively."

"*Ninth:* The remainder and residue of my property of
which I may be possessed at my decease and after my
just debts, bequests and expenses shall be paid, I give,
devise and bequeath as follows, viz: One-third of the
same to my son John V. Evans or his lawful heirs, one-
third to my son Evan T. Evans or his lawful heirs and
the use of the remaining one-third to my daughter Ellen
during her lifetime; the principal to remain in the hands
of my executors, and they to pay the proceeds or income
of the same to her annually at five per cent., they to give
proper bonds for the faithful performance of the same;
and at the death of my said daughter Ellen I direct that
this mentioned one-third of the residue of my estate be
equally divided between my son John V. Evans and my
son Evan T. Evans or their heirs respectively."

Ellen Evans, the life tenant of the dwelling and the
life beneficiary of the trust, died in February, 1920. At
that time, one of the sons, John V. Evans, was alive;
the other, Evan T. Evans, was dead. The distribution
of the share that would have gone to the latter son, if
living, is the question to be determined. The surrogate
held that the children of Evan T. Evans, who were his
heirs at law and next of kin, took by right of substitution,
to the exclusion of his widow, under the direction that
payment should be made to the sons " or their heirs
respectively " (*Tillman* v. *Davis*, 95 N. Y. 17; *Snider* v.
*Snider*, 11 App. Div. 171; affd., 160 N. Y. 151; *Richardson*
v. *Martin*, 55 N. H. 45; *Ruggles* v. *Randall*, 70 Conn. 44).
The Appellate Division held that the words just quoted
were " words of limitation and not words of substitution,"
that the title of the son Evan became absolute upon his
surviving the testator, and hence that his widow, as well
as his children, succeeded, upon his death intestate, to
his share of the estate.

We think the words must be construed as words of

substitution (*Gittings* v. *M'Dermott*, 2 My. & K. 69, 75; *Girdlestone* v. *Doe*, 2 Simon's Ch. 225; *Speakman* v. *Speakman*, 8 Hare, 180; *Matter of Ibbettson* v. *Ibbettson*, 88 L. T. Rep. 461; *Matter of Whitehead*, 1920, 1 Ch. 298, 304). Undoubtedly there are times when "or" will be held equivalent to "and," with the result that "or his heirs" become words of limitation (*Steinway* v. *Steinway*, 163 N. Y. 183, 195, 196; *Miller* v. *Gilbert*, 144 N. Y. 68; *Roome* v. *Phillips*, 24 N. Y. 463, 469). The question is one of intention to be gathered from the whole will, with context and cognate gifts shedding light upon the meaning. Here the residuary estate is divided into three parts. We cannot doubt that the same words, if used as words of substitution in connection with two of the shares, were used with like effect in connection with the other. A third part is given absolutely to John V. Evans "or his lawful heirs." If the son named had died before the testator, the words quoted would have been effective to substitute the next of kin, for "heirs" may be read as "next of kin" when the subject-matter of the succession is personal estate (*Tillman* v. *Davis*, 95 N. Y. 17; *Gittings* v. *M'Dermott, supra; Matter of Whitehead, supra*). The substitution thus effected is broader than that prescribed by statute, which preserves a gift at times in favor of the children or descendants of one who dies during the life of a testator, but not in favor of heirs generally (Decedent Estate Law, § 29; Consol. Laws, ch. 13; *Matter of Wells*, 113 N. Y. 396). What is true of the third bequeathed to John is true also of the third bequeathed to Evan. The gift is to him "or his lawful heirs," and a lapse is again avoided, irrespective of the statute. We come then to the final third, which is to be held in trust for Ellen during life, and on her death is to "be equally divided" between the sons "or their heirs respectively." The words which are words of purchase when applied to the first two shares are not transformed into words of limitation when applied to the last one.

The heirs are to be substituted for the sons if the latter are not alive at the time of the division (*Marsh* v. *Consumers Park Brewing Co.*, 220 N. Y. 205; *Lyons* v. *Ostrander*, 167 N. Y. 135). If this is true of the gift of a share of the residue under the terms of the ninth subdivision, it must be true also of the gift of the proceeds of the dwelling under the terms of the third. As the words are the same, so also is the meaning.

The conclusion thus reached gains new force when we remember that the gift to be construed is not a devise, but a bequest (*Gittings* v. *M'Dermott; Matter of Ibbettson* v. *Ibbettson; Matter of Whitehead, supra*). The dwelling is to be sold, and the proceeds are to be divided (*Fisher* v. *Banta*, 66 N. Y. 468, 477). The third of the residue is to invested, and the principal distributed when the trust is at an end. As applied to a gift of personal estate, the word " heirs " is not a term of art, as it is in a devise of real estate. Its office as a word of limitation, however natural or presumptive where the subject-matter of the gift is land, is by analogy only, and one that is wavering and dubious, when the subject-matter of the gift is money. In such a context, " the force of the disjunctive word ' or ' is not easily to be got over " (BROUGHAM, L. C., in *Gittings* v. *M'Dermott, supra;* cf. *Matter of Ibbettson v. Ibbettson; Matter of Whitehead; Speakman* v. *Speakman, supra*). A word which in its setting has no longer a strict or proper meaning as a word of limitation will take from slight circumstances the color and function of a word of purchase or substitution. The disjunctive has its normal value when what is counted on to qualify it is indeterminate or neutral.

Other tokens of intention are not lacking in the will before us. Their significance, when they are viewed alone, may be slight, or, at any rate, inconclusive. They have, none the less, in combination, a cumulative value. Under the third subdivision, the result of the direction for a sale at the termination of a life estate is an equitable

conversion. "The very subject-matter of the gift" is not to "come into existence" until the time has arrived for the ascertainment of the heirs (*Delaney* v. *McCormack*, 88 N. Y. 174, 183). Under the ninth subdivision, there are no words of gift in the disposition of the remainder upon the termination of the trust, except as they are found in the direction to divide (*Matter of Baer*, 147 N. Y. 348). Forms and phrases of this kind are at least consistent with a construction which postpones the hour of vesting until the hour of division, or subjects a title which has vested to intermediate contingencies.

Cases in this state and elsewhere, cited with much reliance by counsel for the respondent, are distinguished by their special features. *Steinway* v. *Steinway* (163 N. Y. 183) involved a holding that the words "or their heirs," in the setting in which they were there found, were words of limitation. The court, however, was at pains to point out the many tokens of intention consistent with the meaning given (163 N. Y. at p. 196). The tokens there enumerated are lacking in the case at hand. The like is true of *Miller* v. *Gilbert* (144 N. Y. 68). Of cases in other jurisdictions, some, as *Hobbie* v. *Ogden* (178 Ill. 357) involved the construction, not of a remainder under a will, but of a reversion under a deed (cf. *Doctor* v. *Hughes*, 225 N. Y. 305). Others (*e. g.*, *Muhlenberg's Appeal*, 103 Penn. St. 587) suggest a rule of greater generality, at all events in cases where the subject of the gift is personalty, than we are ready to announce. All concede, however, that intention is the final test.

The order of the Appellate Division should be reversed, and the decree of the Surrogate's Court affirmed, with costs in the Appellate Division and in this court.

HISCOCK, Ch. J., HOGAN, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order reversed, etc.