In the Matter of the Accounting of THE FARMERS' LOAN AND TRUST COMPANY, as Trustee under the Will of JABEZ A. BOSTWICK, Deceased, Respondent.

ALBERT C. BOSTWICK et al., Appellants; MARIE S. GIL- BERT, Individually and as Executrix of ALBERT C. BOSTWICK, Deceased, Respondent.

**Will — trust — direction to pay income to wife during life and upon her death to son until arrival at twenty-one whereupon he was to receive half of principal and income from remainder during life — death of son after arriving at twenty- one but before death of mother divests him of any interest he might have had under will — distribution of principal on death of mother.**

Where testator by his will directed that the income arising from a trust fund should be paid to his wife during her life and upon her death to his son until he should arrive at the age of twenty-one years, whereupon he was to receive one-half of the principal and the income from the remaining half be paid him during his life and upon his death the principal, either half or whole as the case may be, to be distributed as directed, and the son lived to the age of thirty-three years, but predeceased his mother, upon her death the principal should be distributed as directed in the will of testator. Any rights which the son may have had under the will, whether vested or contingent, were divested by his death before the decease of his mother.

*Matter of Bostwick*, 203 App. Div. 158, reversed.

(Argued May 29, 1923; decided July 13, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 23, 1923, which modified and affirmed as modified a decree of the New York County Surrogate's Court construing the will of Jabez A. Bostwick, deceased.

*Albert Ritchie* for Albert C. Bostwick et al., appellants. The will of the testator makes it clear that Albert should have no right to any part of the principal unless he survived the widow of the testator, and hence no rule except the primary one need be invoked in the construction of

the clause in question. (*Salter* v. *Drowne*, 205 N. Y. 204; *Bergman* v. *Lord*, 194 N. Y. 70; *Delaney* v. *McCormack*, 88 N. Y. 174; *Matter of Buechner*, 226 N. Y. 440; *Robinson* v. *Martin*, 200 N. Y. 159; *Matter of James*, 146 N. Y. 78; *Mullarky* v. *Sullivan*, 136 N. Y. 227.) The Appellate Division erred in its conclusion that the estate of Albert in one-half was vested absolutely. (*Dougherty* v. *Thompson*, 167 N. Y. 472; *Lewis* v. *Howe*, 174 N. Y. 340; *Ossman* v. *Von Roemer*, 221 N. Y. 381.) Under the recognized canons of construction applicable to cases of this kind and the reasons for them, the fund in question should not be held to have vested in Albert, or if it did vest that was divested by his death before that of his mother. (*Dougherty* v. *Thompson*, 167 N. Y. 472; *Meekes* v. *Meekes*, 161 N. Y. 66; *Ossman* v. *Von Roemer*, 221 N. Y. 381; *Hersey* v. *Simpson*, 154 N. Y. 496; *Matter of Werlich*, 230 N. Y. 516; *Wood* v. *Mitcham*, 92 N. Y. 375; *Delafield* v. *Shipman*, 103 N. Y. 463; *Lee* v. *Miller*, 71 App. Div. 195; *Warner* v. *Durant*, 76 N. Y. 133; *Smith* v. *Edwards*, 88 N. Y. 92; *Clark* v. *Cammann*, 160 N. Y. 315.)

*Alfred Frankenthaler* for Lillian S. Bostwick et al., appellants. The language of the testator, Jabez A. Bostwick, in the particular provision here in dispute, the context of his will as a whole, and the nature and logic of the circumstances negative any construction that would vest an absolute one-half interest in the trust fund in Albert's estate during the lifetime of his mother, Helen C. Bostwick. (*March* v. *March*, 186 N. Y. 99.) Whatever the interest of Albert's estate was upon his death, whether vested or contingent, it was completely extinguished by Albert predeceasing his mother. (*Van Hook* v. *Van Hook*, 21 N. C. 289; *Matter of Leonard*, 218 N. Y. 513; *Matter of Clapp*, 177 App. Div. 183; *People's Trust Co.* v. *Flynn*, 44 Misc. Rep. 6; *Dougherty* v. *Thompson*, 167 N. Y. 472.)

*Charles Green Smith* and *Lawrence Atterbury* for respondent. On Albert's arrival at his majority nothing stood between him and possession except his mother's life estate. This vested him absolutely, under the statute, and under the unquestioned rule that the mere letting in of a precedent life estate will not postpone vesting. (*Lewis* v. *Howe,* 174 N. Y. 340; *Matter of Embree,* 9 App. Div. 602; 154 N. Y. 778; *United States Trust Co.* v. *Taylor,* 193 App. Div. 153; 232 N. Y. 609; *Canfield* v. *Fallon,* 43 App. Div. 561; 161 N. Y. 623; *Matter of Brown,* 154 N. Y. 321; *McArthur* v. *Galloway,* 113 U. S. 340; *Goebel* v. *Wolf,* 113 N. Y. 405; *Matter of Young,* 145 N. Y. 535, 540; *Matter of Tienkin,* 131 N. Y. 391.) Vesting at the earliest time is strongly favored; but particularly strong is the presumption against disherison of a child by death before the termination of a precedent estate. (*Hersee* v. *Simpson,* 154 N. Y. 496; *Matter of Ossman* v. *Von Roemer,* 221 N. Y. 381; *U. S. Trust Co.* v. *Taylor,* 193 App. Div. 153; 232 N. Y. 609; *Matter of Gee,* 201 App. Div. 540; *Connelly* v. *O'Brien,* 166 N. Y. 406; *Matter of Russell,* 168 N. Y. 169; *Close* v. *Farmers' L. & T. Co.,* 195 N. Y. 92; *Matter of Werlich,* 230 N. Y. 516; *Lewis* v. *Howe,* 174 N. Y. 346; *Cammann* v. *Bailey,* 210 N. Y. 19.)

CARDOZO, J. The proceeding is one for the construction of a will.

The testator, Jabez A. Bostwick, devised and bequeathed a third of his residuary estate to the Farmers' Loan and Trust Company as trustee upon the following trusts: " To manage and protect the same and to receive the rents, issues and profits thereof, and to pay the same quarterly as they accrue to my wife Helen C. Bostwick during her natural life and upon her death to pay the same quarterly as they accrue to my son Albert C. Bostwick, until he shall arrive at the age of twenty-one years, and after he has attained said age to continue to pay the

rents, issues and profits of one half of said trust estate to my said son during his natural life, and upon the arrival of my said son at the age of twenty-one years to convey, assign and deliver one-half part of the said estate so held in trust to my said son, and upon the death of my said son to convey, assign and deliver all the estate then held in trust, be it the whole or one half part thereof as aforesaid, to the lawful issue of said Albert C. Bostwick share and share alike, or in default of such issue to the next of kin of said Albert C. Bostwick."

The testator died in 1892, survived by wife and son. The son died in November, 1911, at the age of thirty-three. The wife died in April, 1920. The trust ended with her death, and the court must now decree the distribution of the principal. The surrogate held that the son's remainder was subject to be divested by death before the termination of the trust, and that the principal was, therefore, to be divided among the issue. The Appellate Division held that in respect of one-half of the principal, the son's estate became vested indefeasibly when he reached the age of twenty-one, though the trust was still outstanding, and that distribution of this half must be made under *his* will, and not under his father's. We find ourselves in accord with the conclusion of the surrogate.

No part of the estate was to be conveyed, assigned or delivered to the son during the life of the testator's wife. The primary trust was for her, and no one else. " Upon her death," but not before, the son was to succeed to the enjoyment of the estate. The income of half was then to be paid to him during life; the income of the other half till he reached the age of twenty-one. The argument is made that upon his reaching that age, his title to half became indefeasible and perfect, though his mother was then living. We read the will differently. Whatever right he had, whether it be classified as vested or contingent, was subject to be divested by his death before his

mother. The trustee at the appointed time was not merely to convey and assign. It was also to deliver. Conveyance and delivery were impossible while the trust for the mother was outstanding. The trust for the son was not to be divided into halves until it began, and it was not to begin until the prior trust had ended. If on his mother's death, he was alive and of age, he was to become the owner of one-half of the estate, and *pro tanto* the trust would end. If on his mother's death, he was not alive, conveyance and delivery of " all the estate then held in trust, be it the whole or one half part thereof " was to be made to his issue, or, if there were none, to his next of kin. Majority did not give an indefeasible title to the half without survivorship at the end of the primary trust, and survivorship did not give it without the attainment of majority. The son satisfied one and only one of the prescribed conditions. If he had reached twenty-one and had survived his mother, half of the estate and not the whole, would have been held in trust at his death, and only half in that event would have gone to his issue. He did reach twenty-one, but did not survive his mother. As a consequence, the whole was held in trust both at his death and at hers, and the whole, and not merely half, is to be conveyed under the will. The direction to distribute upon the death of the son is subject to the condition that the mother be then dead. The same condition attaches to the direction to divide upon majority.

We are referred by counsel to many cases. They are of little help in the construction of provisions so distinctive. Some force may properly be attributed to the absence of words of direct gift. Those entitled in remainder take nothing under the will except as something passes to them under the execution of a mandate laid upon the trustee to deliver and convey (*Matter of Baer*, 147 N. Y. 348). " Forms and phrases of this kind are at least consistent with a construction which postpones the hour of vesting until the hour of division, or subjects

a title which has vested to intermediate contingencies"
(*Matter of Evans*, 234 N. Y. 42, 47). Such tokens of
intention, standing alone, might indeed be inconclusive
(*Matter of Ossman* v. *Von Roemer*, 221 N. Y. 381). Their
significance is to be appraised by viewing them, not singly
and apart, but in the setting of the context. The mandate
laid upon the trustee to deliver and convey is coupled
with a mandate that the subject-matter of conveyance
and delivery shall be proportioned to the subject-matter
of the trust. The situation is to be viewed as it exists
when the trust is at an end. If the whole is then held in
trust, there is to be division of the whole. If half is then
held in trust, there is to be division of the half.

The order of the Appellate Division should be reversed
and the decree of the Surrogate's Court affirmed, with
costs in the Appellate Division and in this court payable
out of the estate.

HISCOCK, Ch. J., HOGAN, POUND, MCLAUGHLIN,
CRANE and ANDREWS, JJ., concur.

Order reversed, etc.