ELIZABETH PEEL MAY, Plaintiff, *v.* JOHN MAY, JR., and Others, Defendants.

Second Department, April 17, 1924.

**Wills — construction — provision for child of testator for life, property to revert to her child or children " if any survive her," if not, said legacy to revert to remainder of children of testator and be equally divided — remainder interests are contingent and pass to children and descendants of deceased children living at death of life tenants.**

Where a testator leaves legacies for his children, each providing " during her natural life, and at her decease the same to revert to her child or children if any survive her, if not, the said legacy to revert to the remainder of my children and be equally divided share and share alike," the remainder interests are contingent and pass to those children and to those descendants of deceased children who are living at the death of the respective life tenants.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*William Murray,* for the plaintiff.

*Charles O. Grim,* for the defendants John May, Jr., and others.

*John C. Loud,* for the defendant William H. Darbee.

RICH, J.:

John May departed this life February 25, 1884, leaving him surviving six children, to wit, Alice May, Ella Matilda May, George Whistler May, John May, Jr., Elizabeth Peel May and Mary Augusta Darbee. By paragraphs 3 to 8, inclusive, of his will he devised to each of said children a life estate in a specified parcel of real property, employing in each instance the following language in the creation of the respective estates: " during her natural life, and at her decease the same to revert to her child or children *if any survive her*, if not, the said legacy to revert to the remainder of my children and be equally divided share and share alike." But two of testator's deceased children have left children them surviving, to wit, Alice May Gunnison, three children, the defendants Foster Gunnison, Raymond M. Gunnison and Florence G. Brown, and George Whistler May, one child, the defendant Ethel M. Schmidt. As to them it is conceded that the remainder interests in the real property in which their parents enjoyed a life estate passed to them under the terms of the will.

The question presented for decision by this submission, however, relates to the disposition of the remainder interests under paragraphs 4, 5, 6 and 7 of the will. As the life tenants under paragraphs 4 and 6 of the will are still living, we are only concerned

at this time with the remainders under the 5th and 7th paragraphs, of which Mary Augusta Darbee, who died *August 11, 1919,* and Ella Matilda May, who died *November 23, 1920,* testate, but without children, are the life tenants. We are asked to determine to whom the real property described in those paragraphs passed upon the death of these respective life tenants.

It is the contention of the plaintiff that the remainder interests under each of the six paragraphs of the will are contingent, and that testator intended them to pass to those of his children, and to those descendants of deceased children, who were living at the date of the death of the respective life tenants, while the defendant William H. Darbee, the husband of Mary Augusta Darbee, a deceased child of testator, contends that by the phrase " remainder of my children " testator intended to designate his children, other than the one named as life tenant, and the remainder under each paragraph vested in them upon the testator's death, subject to be divested only in the event the life tenant was survived by descendants.

To adopt the construction contended for by the plaintiff will result in a division of the property in which Mary Augusta Darbee enjoyed a life estate, and referred to in paragraph 5 of the will, between the children of testator living at her death, and the children of testator's deceased child, Alice May Gunnison, while the property referred to in paragraph 7 of which Ella Matilda May enjoyed the life estate would be divided between the children of testator living at her death and the children of testator's deceased child, Alice May Gunnison. If, on the other hand, the will is susceptible of the construction sought to be placed upon it by the defendant Darbee, it will result in a division in which both he, as sole legatee and devisee under his deceased wife's will, and Herbert F. Gunnison, as sole devisee and legatee under the will of Alice May Gunnison, will share in the remainder interests in the real property referred to in paragraphs 5 and 7 of the will.

The construction contended for by the plaintiff is the one which most logically comports with the expressed intention of the testator, that the real property should pass to the child or children of the respective life tenants, *if any survived,* and if not, to those of his children living at the death of the respective life tenants. Such a construction will result in the remainders passing to his children or their descendants, persons of his own blood, and will exclude the husbands of those dying without issue, for whom he never intended to provide. The persons entitled to take the remainders could not be ascertained until the death of the respective life tenants and whether they would take at all depended upon their

surviving the life tenants; whether or not testator's other children would ever be entitled to take also depended upon that contingency. The uncertainty of their *right* to the enjoyment of the estate in the future, therefore, as distinguished from the uncertainty of enjoyment in the future, marks the remainders in the case at bar as contingent. (Real Prop. Law, § 40; *Williams* v. *Peabody,* 8 Hun, 271.) That the testator so intended is demonstrated by the 12th paragraph of the will: " And it is to be distinctly understood that it is my desire that none of the property devised to any of the devisees in this my Last Will and Testament shall be sold or otherwise deeded during the life estates." He intended that during the lifetime of the respective life tenants there should be no persons who, together with the life tenants, could join in a conveyance of the real property, and to that end expressly rendered the *right* to enjoyment in the future uncertain, viz., of the grandchildren only if they *survived* their parents, and to his other children only if no children *survived* the life tenant so dying.

The persons entitled to the remainder under paragraph 5 of the will upon the death of the life tenant Mary Augusta Darbee, without children, are the children of testator living at that time, viz., George Whistler May, John May, Jr., Elizabeth Peel May and Ella Matilda May, and the children of testator's deceased child, Alice May Gunnison, viz., Raymond M. Gunnison, Foster Gunnison and Florence G. Brown, who take *per stirpes.* The persons entitled to the remainder under paragraph 7 of the will upon the death of the life tenant, Ella Matilda May, without children, are the children of testator living at that time. viz., George Whistler May, John May, Jr., and Elizabeth Peel May, and the children of testator's deceased child, Alice May Gunnison, viz., Raymond M. Gunnison, Foster Gunnison and Florence G. Brown, who take *per stirpes.*

Judgment should, therefore, be directed in favor of plaintiff interpreting and construing the legal effect of paragraphs 5 and 7 of the last will and testament of John May, deceased. The remainder interests under paragraphs 5 and 7 are contingent and no interest vested until the death of the life tenants, and the persons entitled to the remainder under paragraph 5 of the will upon the death of the life tenant are the children of testator living at that time, viz., George Whistler May, John May, Jr., Elizabeth Peel May and Ella Matilda May, and the children of testator's deceased child, Alice May Gunnison, viz., Raymond M. Gunnison, Foster Gunnison and Florence G. Brown, who take *per stirpes.* The persons entitled to the remainder under paragraph 7 of the will upon the death of the life tenant are the children of testator living

at that time, viz., George Whistler May, John May, Jr., and Elizabeth Peel May, and the children of testator's deceased child, Alice May Gunnison, viz., Raymond M. Gunnison, Foster Gunnison and Florence G. Brown, who take *per stirpes*, without costs to either party as against the other.

Present — KELLY, P. J., RICH, JAYCOX, KELBY and KAPPER, JJ.

Judgment unanimously directed in favor of the plaintiff upon agreed statement of facts, without costs, in accordance with opinion. Settle order on notice.