In the Matter of SAMUEL M. MEEKER for the Settlement of His Intermediate Account as Successor Trustee under the Last Will and Testament of AUGUSTUS A. LEVERICH, Deceased.

Surrogate's Court, Kings County, May 25, 1925.

**Wills — construction — will provided that in case of·death of any child for whom trust was set up, executors should distribute capital of designated share among. lawful issue of such child " equally "— will shows that testator intended distribution among issue of deceased child to be made per stirpes and not per capita — distribution of principal must be made per stirpes " equally " among surviving issue of beneficiary.**

A will which, after providing for the distribution of the capital of the testator's estate into equal shares for the use and benefit of his children, then living, or their issue if dead, *per stirpes* and not *per capita*, directs his executors on the death of any child leaving issue to " pay, divide and distribute the capital of such share to and among the lawful issue of such child equally," will be construed, in view of the fact that the other provisions of the will show an evident intent on the part of the testator in the use of the word " equally," to provide for equal distribution, *per stirpes* and not *per capita*.

The provision in said will which directs the executors at the decease of a beneficiary to pay and distribute the principal of the trust to and among the lawful issue of such beneficiary " equally," will be construed as providing for the distribution of the said trust in equal shares, *per stirpes*, only to such lawful issue of the deceased beneficiary as were living at her death and not to the issue living at the death of the testator.

PROCEEDING for accounting by trustee involving construction of will.

*John C. Loud,* for the petitioner.

*William H. Good,* for Augustus A. Leverich, 2d, and others, respondents.

*Hamilton & Stratmann,* for Culver S. Sniffen and others, respondents.

*Harold Dudley Greeley,* for Cameron Leverich, respondent.

*Edward J. Flanagan,* special guardian, for infant respondents.

WINGATE, S.:

The decedent, by his will, created a trust of his residuary estate, primarily for the benefit of his wife during her widowhood.

At her decease or remarriage, the executors were directed " to divide the capital of my estate into as many equal shares as may be necessary to provide, one for the use and benefit of each of my children, who may then be living, or if either or any of my

children shall then have died, leaving issue still surviving, then also to include in such division, one equal share for such issue of each of my deceased children, *per stirpes* and not *per capita*, and having made such equal division, I authorize and direct my said executors to designate and set apart one of such equal shares for the use and benefit of each of my said children then living, and one for the issue then living of each of my deceased children, *per stirpes*."

The share so directed to be set apart for the issue of any deceased child was to be freed from the trust, and the executors were directed to " pay, divide and distribute the share set apart and designated for such issue to and among them equally."

There are in this provision no qualifying words to define the testator's intent in his use of the word " equally; " but can it be doubted that by its use he meant to provide for the same kind of equality as that which he had defined in his direction for the setting apart of the share to be distributed?

He had already ordained a stirpital equality in his division as between living children and the living issue of deceased children, and as for the division among such issue themselves, one equal share was to be set apart " for the issue then living of each of my deceased children, *per stirpes*." Having once clearly defined his intention with respect to the kind of equality he had in mind, in the division of his property among his descendants, he deemed repetition unnecessary, and forbore to renew in terms this definition with each recurrent use of the word " equally." The word, whenever employed in his will, without qualification, was to carry the meaning which he had earlier, by language of obvious import, attributed to it.

Although at the decease or remarriage of the widow, the shares of issue of deceased children of the testator were to be paid at once, free of the trust, the shares of the living children were to be held upon further trusts for the separate life of each. Three of these trusts were set up.

One of them, the trust for Mary A. Nienstadt, daughter of the decedent, has, by reason of her death, come to an end; and construction is asked of the provision of the will for the disposition of the principal thereof.

As to this fund, the executors are directed " at the decease of the child for whose benefit it shall have been set apart as aforesaid, to pay, divide and distribute the capital of such share to and among the lawful issue of such child equally, and in default of such issue, to pay, divide and distribute the same to and among my surviving children equally."

If, standing alone, this direction for " equal " division among issue, could give rise to a doubt as to whether the " equality " intended was to be *per capita* or *per stirpes*, such uncertainty cannot persist when the word is read in relation to other language in the will.

It has been seen that the direction for payment, at the remarriage or death of decedent's widow, to the then living issue of a deceased child, was to them " equally," without words of qualification, but with the inevitable intent of .specifying an equal stirpital division. Is it probable that the decedent meant that issue of a child of his who died *before* the widow were to take *per stirpes*, while at the same time providing that the issue of a child who died *after* the widow were to take *per capita?* There is no language in the will which enforces so inharmonious a reading.

It will give to the provision in question its fair meaning, and will make it consistent with other provisions respecting division among descendants, if it be found that the word " equally " was here employed by the testator with the intent to convey the same meaning as followed its use, similarly unqualified, in his provision for distribution among issue of a deceased child at the time of the widow's remarriage or death. (*Matter of Farmers' Loan & Trust Co.,* 213 N. Y. 168; *Matter of Union Trust Co.,* 170 App. Div. 176; affd., 219 N. Y. 537; *Matter of Durant,* 231 id. 41; *New York Life Ins. & Trust Co.* v. *Winthrop,* 237 id. 93; *Matter of Lawrence,* 238 id. 116; *Whitehead* v. *Ginsburg,* 197 App. Div. 266; *United States Trust Co.* v. *Baes,* 124 Misc. 48.)

A further question remains: Did the remainder interests in this trust fund vest in the issue of Mary A: Nienstadt who were living at the death of the testator, subject only to open up and let in other issue born thereafter during her lifetime; or is the fund to be divided only among such of her issue as were living at her death?

It fairly appears from the provision under examination, whether regarded alone or in the light of testator's general purpose of limiting his bounty to those living when division is to be made, that the testator's expressed intent was to confine the distribution of this trust fund to persons living at the time set for its distribution. It is immaterial whether the remainder interests be deemed to be purely contingent; or be deemed to be vested, but subject to being divested by death, prior to distribution, of a possible member of a class. Survivorship is essential to the right to share.

The gift is not to individuals named, but to a class of persons, designated by description, who are to be ascertained at the death of the child for whose benefit the trust is set apart; and this in itself tends to show that the testator meant to give only to those

who were living when the class is to be ascertained.  (*Matter of Pulis*, 220 N. Y. 196, and cases cited at p. 204.)

The provision for a substitutional gift, in default of issue of such child, in favor of " surviving " children of the testator, also indicates an intent to make survivorship at the time set for distribution. of the fund a test of right to participate therein.  (*Lyons* v. *Ostrander*, 167 N. Y. 135; *Schwartz* v. *Rehfuss*, 129 App. Div. 630; affd., 198 N. Y. 585; *Marsh* v. *Consumers Park Brewing Co.*, 220 id. 205; *Matter of Evans*, 234 id. 42; *Matter of Bostwick*, 236 id. 242.)

Moreover, the provision contains no direct words of gift, but only a direction to " pay, divide and distribute," and as no contrary intent is evidenced in the will, such a direction implies that " futurity is annexed to the substance of the gift," and that survivorship at the time of the distribution is essential to the vesting of an interest in the subject of the gift.  (*Matter of Crane*, 164 N. Y. 71; *Matter of Bostwick, supra; New York Life Ins. & Trust Co.* v. *Winthrop, supra; May* v. *May*, 209 App. Div. 22, and cases cited in these authorities.)

The distribution of the trust fund which is the subject of this accounting is, therefore, to be made, in equal shares, *per stirpes*, only to such of the lawful issue of Mary A. Nienstadt as were living at her death; that is,

One-quarter thereof to each of the sons of Mary A. Nienstadt, to wit, William M. Sniffen, John Sniffen and Culver Sniffen, and one-eighth each to Mary A. Sniffen and John H. Sniffen, the children of Franklin C. Sniffen, a deceased son of Mary A. Nienstadt.

Settle decree accordingly.