In the Matter of the Judicial Settlement of the Account of Proceedings of THE FARMERS' LOAN AND TRUST COMPANY, as Successor Trustee of the Trust for the Life Use of MARIE C. GOTTSBERGER, and Remaindermen under the Last Will and Testament of JAMES H. BANKER, Deceased.

Surrogate's Court, Westchester County, May 27, 1927.

**Wills — construction — testator gave property in trust to wife for life and on her death for benefit of niece — on death of niece or wife, if she should survive niece, principal was given to issue of niece — in event niece left no issue, principal was given to testator's brother — residuary clause devised residue of property to testator's wife — wife and brother predeceased niece, who died without issue — principal of trust fund fell into residuary estate and passed to estate of wife.**

Testator, by will, devised property in trust for the benefit of his wife for life, and on her death for the benefit of her niece. On the death of said niece or the wife, if she should survive her niece, the principal was to be divided among the issue of the niece, but if no issue survived, then it was to go to testator's brother. The residuary clause devised all the residue of the property to testator's wife. It appears that testator's wife and brother predeceased the niece, who died without issue.

The brother took a contingent interest only, which lapsed on his death prior to that of the niece, and since the niece died without issue and because the brother's contingent interest lapsed, the principal fell into the residuary estate and passed under the residuary clause to the testator's wife.

ACCOUNTING proceeding by successor trustee.

*Taylor, Blanc, Capron & Marsh,* for the Farmers' Loan and Trust Company, as successor trustee under the will of James H. Banker.

*Edwin W. Cooney*, for the executrices of Ellen J. Banker, deceased.

*Newmark & Miller*, for Sophia Hopson Banker White, as administratrix c. t. a. of Edward Banker, deceased.

*Battle, Miller, Levy & Van Tine*, for Albert B. Hilton, next of kin.

*Larkin, Rathbone & Perry*, for the successor trustee under the will of Henry Hilton, deceased, next of kin.

SLATER, S.   James H. Banker died February 10, 1885, leaving a will probated in Westchester county.   The first and second clauses of said will, which give rise to the construction of the will upon this accounting, are as follows:

" *First.*   I give to the executors of this my will twenty-five thousand dollars upon trust to safely invest and keep invested the same and to receive and collect the interest and income thereof and to apply the net income realized therefrom to the use of my wife Ellen Josephine Banker during her natural life and from and after her decease to apply such net income to the use of her niece Marie Gottsberger during her remaining natural life and upon the decease of the said Marie (or of my wife if she survive the said Marie) to pay over and transfer the principal to the then living lawful issue of the said Marie (the issue of a deceased child taking *per stirpes* the share which such child would take if living) and if no issue of the said Marie survive her (and also my wife) to pay over and transfer such principal to my brother Edward Banker.

" *Second.*   All the residue of my estate and property of every kind soever and wheresoever situate of or to which I may die seized, possessed or entitled I devise and bequeath absolutely and in fee to my wife Ellen Josephine Banker."

The widow, Ellen Josephine Banker, and Edward Banker died in February, 1903, and Marie C. Gottsberger died in 1926, without leaving lawful issue her surviving.

There are three constructions which are contended for: *First,* that the remainder to Edward Banker was vested and the principal of the trust fund was, therefore, payable to his estate;

*Second,* that the remainder to Edward Banker was not vested, and the principal of the trust fund passes under the residuary clause to the estate of the widow, Ellen Josephine Banker;

*Third,* that the testator died intestate as to the principal, and it is distributable to his next of kin.

The court concludes that the second contention is the correct one, and that the trust fund passes under the residuary clause to the estate of the widow, Ellen Josephine Banker.

The primary trust was for the wife, Ellen Josephine Banker,

and her niece, Marie Gottsberger. Upon their death, and not before, either the issue of Marie Gottsberger or Edward Banker were to succeed to the enjoyment of the estate. The words of gift to Edward Banker were words of substitution. (*Matter of Evans*, 234 N. Y. 42.) The contingent estate of Edward Banker was subject to be defeated by his death before the death of the surviving beneficiary of the trust. He took on the condition of survivorship. The substitutional gift to Edward Banker indicates an intent to make survivorship at the time set for distribution of the fund a test of right to participate therein. (*Matter of Evans*, *supra; Matter of Bostwick*, 236 N. Y. 242; *Matter of Leverich*, 125 Misc. 130; *Matter of Wronkow*, 127 id. 679; *Matter of Burdsall*, 128 id. 582; affd., 221 App. Div. 756.)

In the *Burdsall* case the court decided that the testatrix died intestate of the estate involved for the reason that the will failed to contain a general residuary clause. However, in the instant case, the will contains a residuary clause.

It is a familiar principle that partial intestacy is to be avoided when possible, and that a residuary clause of general terms ordinarily will be construed as covering lapsed or invalid legacies and devises, and is not to be restricted to property not covered by specific provisions unless such intent on the part of the testator is clearly to be drawn from the remainder of the will. There is nothing in the will to indicate an intent on the part of the testator in the instant case that any but the general rule should apply to his residuary clause. (*Albany Hospital* v. *Albany Guardian Society*, 214 N. Y. 435, 445; *Matter of Goldmark*, 186 App. Div. 447, 451; *West* v. *West*, 215 id. 285, 287.)

Under a general residuary clause, should any part of the will be declared illegal, such void bequests will fall into the residuum, and only a void bequest of the residuum passes to the next of kin. (*Matter of Allen*, 111 Misc. 93; affd., 202 App. Div. 810; mod. and affd., 236 N. Y. 503.)

Consequently, the corpus of the trust created by the first paragraph of the will passes to the estate of the widow, Ellen Josephine Banker, as residuary legatee and devisee under her husband's will.

Decree may be submitted and decree of distribution in the accounting proceedings to be in accordance with this opinion.