In the Matter of the Judicial Settlement of the Account of Proceedings of the FARMERS' LOAN AND TRUST COMPANY OF NEW YORK, as Successor Trustee, etc., of MARIE C. GOTTS-BERGER and Remaindermen, under the Last Will and Testament of JAMES H. BANKER, Deceased.

SOPHIA HOPSON BANKER WHITE, as Administratrix c. t. a., etc., of EDWARD BANKER, Deceased, Appellant; THE FARMERS' LOAN AND TRUST COMPANY, Trustee, and Others, Respondents.*

Second Department, April 20, 1928.

Wills — construction — will devised property in trust for benefit of wife during her life and upon decease for benefit of niece of wife, and upon decease of niece, to pay over principal to issue of niece, if any, and if no issue, to brother of testator — widow died in 1903 and niece in 1926 — brother predeceased niece, leaving his daughter, appellant, surviving — brother took vested interest subject to defeasance in case niece should leave issue her surviving.

The will of the testator devised certain property in trust for the benefit of his widow for life, and provided that upon her death the net income should be paid to her niece during her life, and that upon the death of the niece, the principal should be paid to the then living lawful issue of the niece, " and if no issue of the said Marie survive her (and also my wife) to pay over and transfer such principal to my brother Edward Banker." The widow died in 1903 and the niece died in 1926, without issue. The brother of the testator predeceased the niece, he having died in 1903. The brother left him surviving, as his only heir at law and next of kin, the appellant, his daughter.

A proper construction of the will is that the brother took a vested estate in the principal of the trust fund, subject to its being divested in case the niece should leave issue her surviving, and, therefore, although the brother predeceased the niece, upon the death of the niece the principal of the trust fund fell into the brother's estate and did not pass to the widow as a part of the residuary estate of the testator.

APPEAL by Sophia Hopson Banker White, as administratrix c. t. a., from an order of the Surrogate's Court of the county of Westchester, entered in the office of said Surrogate's Court on the 18th day of June, 1927.

* Modg. and affg. 129 Misc. 711; affd., 248 N. Y. 596.

*Henry S. Miller* [*James Gordon Battle* of counsel], for the appellant.

*Edwin W. Cooney*, for the respondents Sarah H. Kent and Clara A. Bowron, as executrices of Ellen J. Banker, deceased.

SEEGER, J.  Appeal by the testator's niece, Sophia H. B. White, administratrix c. t. a. of the will of her father, Edward Banker, from a decree of the Surrogate's Court of the county of Westchester, adjudging, among other things, that the corpus of a trust fund created by James H. Banker, deceased, passes to the estate of Ellen Josephine Banker, the widow of the testator, as residuary legatee and devisee under the will.

The testator, James H. Banker, left a will, the 1st and 2d paragraphs of which are:

"*First.* I give to the executors of this my will twenty-five thousand dollars upon trust to safely invest and keep invested the same and to receive and collect the interest and income thereof and to apply the net income realized therefrom to the use of my wife Ellen Josephine Banker during her natural life and from and after her decease to apply such net income to the use of her niece Marie Gottsberger during her remaining natural life and upon the decease of the said Marie (or of my wife if she survive the said Marie) to pay over and transfer the principal to the then living lawful issue of the said Marie (the issue of a deceased child taking *per stirpes* the share which such child would take if living) and if no issue of the said Marie survive her (and also my wife) to pay over and transfer such principal to my brother Edward Banker.

"*Second.* All the residue of my estate and property of every kind soever and wheresoever situate of or to which I may die seized, possessed or entitled I devise and bequeath absolutely and in fee to my wife Ellen Josephine Banker."

The will was made January 22, 1884.  James H. Banker, the testator, died February 10, 1885.  His wife, Ellen Josephine Banker, and his friend, Daniel S. Appleton, were named executors therein.  The Farmers' Loan and Trust Company of New York was named successor trustee of the said trust after the death of said executors.

The testator was born October 12, 1826.  He married Ellen Josephine Banker, the residuary legatee, on March 1, 1851.  At the time he made the will he was fifty-eight years of age.  Neither the decedent nor his wife had any issue living at the time the will was drawn, nor did either of them have any issue at the time of the testator's death.  Upon his death the testator left him surviving his widow, the said Ellen Josephine Banker; his mother; his brother,

32

the said Edward Banker, and his sister, Ellen Banker Hilton. He left no adopted child or children, nor any issue of any deceased or adopted child or children, and no other brother or sister. Marie Gottsberger, the wife's niece mentioned in the will, never married. For many years she was a nun. The record does not disclose whether she was a nun at the time of the making of the will. Ellen Josephine Banker, the widow, died February 20, 1903, leaving a will, the executrices of which are the real respondents herein. Marie Gottsberger died February 13, 1926. Edward Banker, the brother of the testator named in the will, predeceased Marie Gottsberger. He died on or about February 20, 1903, the date of the decease of the widow. The said Edward Banker left him surviving his wife, who died on March 8, 1927, and his daughter, the appellant.

The learned surrogate decided that the trust fund created by the will passes under the residuary clause to the estate of the widow, Ellen Josephine Banker, holding that upon the death of the widow and her niece, Marie Gottsberger, " and not before, either the issue of Marie Gottsberger or Edward Banker were to succeed to the enjoyment of the estate. The words of gift to Edward Banker were words of substitution. (*Matter of Evans*, 234 N. Y. 42.) The contingent estate of Edward Banker was subject to be defeated by his death before the death of the surviving beneficiary of the trust. He took on the condition of survivorship. The substitutional gift to Edward Banker indicates an intent to make survivorship at the time set for distribution of the fund, a test of right to participate therein. (*Matter of Evans, supra; Matter of Bostwick*, 236 N. Y. 242; *Matter of Leverich*, 125 Misc. 130; *Matter of Wronkow*, 127 id. 679; *Matter of Burdsall*, 128 id. 582; affd., 221 App. Div. 756.) " (129 Misc. 711, 713.)

There is nothing to indicate that Edward Banker took on condition of survivorship. *Matter of Evans* (234 N. Y. 42), cited by the learned surrogate, does not so hold. It does hold, as stated by the learned surrogate, that " The words of gift to Edward Banker were words of substitution." The will in that case gave to a daughter, Ellen, the use during her lifetime of a house which she occupied, and directed that after her decease the same be sold and the proceeds be equally divided between the two sons of the testator, John V. Evans and Evan T. Evans, or their heirs, respectively. The residuary estate was divided into three shares, the use of one of which shares was given to the daughter Ellen during her lifetime, and upon her death such share was to be divided between the sons " or their heirs respectively." At the time of the death of Ellen Evans one of the sons was alive and the other was dead. The distribution of the share that would have

gone to the latter son, if living, was the question to be determined. The court held that the words " or their heirs respectively " were words of substitution and that the testator meant that at the time of distribution the sons should take, but in the event of a son not surviving, then his heirs should take; in that case the heirs are substituted legatees and cannot be ascertained until the death of the life tenant. The court said: " ' The very subject-matter of the gift ' is not to ' come into existence ' until the time has arrived for the ascertainment of the heirs." It was, therefore, determined that the sons did not take a vested remainder. But the court did not intend to hold that a future estate cannot vest in a substituted legatee where that substituted legatee is known, in existence and ascertained. In the case at bar the substituted legatee, Edward Banker, was alive at the time of the testator's death. He was ascertained, he was in existence. It was not necessary to wait for any event to occur in the future in order to ascertain the name or names of the substituted legatees.

In *Matter of Bostwick* (236 N. Y. 242), the testator devised a third of his residuary estate to a trustee upon a trust to manage the same and to receive the rents, issues and profits thereof and to pay the same to his wife during her natural life. Upon the death of the wife the income was to be paid to the testator's son until he should arrive at the age of twenty-one years, when he was to receive one-half the principal, the income from the remaining one-half to be paid to him during his life, and upon his death the trustee was to convey and deliver " all the estate then held in trust, be it the whole or one-half part thereof as aforesaid, to the lawful issue of said Albert C. Bostwick [the son] share and share alike, or in default of such issue to the next of kin of said Albert C. Bostwick." The testator died in 1892, survived by wife and son. The son died in 1911, at the age of thirty-three. The wife died in 1920. The son left five children and also left a will naming his wife as executrix. The only question raised was as to the disposition of one-half of the estate that was to go to the son at the age of twenty-one. The Court of Appeals held: " Whatever right he had, whether it be classified as vested or contingent, was subject to be divested by his death before his mother. The trustee at the appointed time was not merely to convey and assign. It was also to deliver. Conveyance and delivery were impossible while the trust for the mother was outstanding. The trust for the son was not to be divided into halves until it began, and it was not to begin until the prior trust had ended." It will thus be seen that the Court of Appeals based its decision upon the express direction of the testator and not upon any canon of construction.

The case of *Matter of Leverich* (125 Misc. 130) is not in point, as that was a case in which survivorship was essential to the right to share, whereas in the case at bar the decisive issue is whether the estate bequeathed to Edward Banker was vested or contingent. If vested, nothing else was necessary to make the right of Edward Banker absolute. If it was not vested, then survivorship was essential. Survivorship was essential in *Matter of Leverich (supra)* because the money was to be divided and distributed among surviving children, as expressly stated in the will, and the children who survived could not possibly be ascertained at the time of the testator's death. They could be ascertained only at the termination of the life estate.

*Matter of Wronkow* (127 Misc. 679) is also distinguishable from the case at bar by reason of the fact that upon the death of the life tenant the trustees were directed to pay, distribute and divide the trust estate " then remaining in their hands," and the question was whether the remainder was a vested or contingent remainder. The learned surrogate held that it was contingent, because: (1) There was a direction to divide, pay over and distribute at a future time. (2) The trustees were [given power to invade the principal. Thus the testator indicated that all the principal was not to vest in the remaindermen at his death, since part of it might be taken for the use of the life beneficiary. (3) The testator directed the trustees to divide and pay over the trust estate " then remaining in their hands," and further, to distribute all the remainder of the estate " still remaining in the hands of my executors and trustees, after making the aforesaid payments." (4) The intention of the testator was clear. (5) The provisions of the 11th clause of the will show that the testator made express provision in the event that any of the remaindermen should predecease the life tenant. As to each group, as the surrogate pointed out, ascertainment awaited the final distribution. The foregoing five features distinguish the *Wronkow Case (supra)*.

*Matter of Burdsall* (128 Misc. 582; affd., 221 App. Div. 756) is distinguishable from the case at bar because the residuary legatees took on condition of survivorship, as expressly provided in the will. The court said: " Call it vested, or contingent, as you may, it was subject to be divested by their death before the passing of Edith Porter Burritt." There is no such provision in the will in question here.

In the will in question it was the intention of the testator to give to his executors $25,000 of his estate, to be invested and the income thereof to be applied to the use of his wife, Ellen Josephine Banker, during her natural life, and after her death to the use of

her niece, Marie Gottsberger, during her remaining natural life, and upon the decease of said Marie and of the wife, to give said principal to the then living issue of said Marie, and if no issue of said Marie survive her, to give the principal of said estate to his brother, Edward Banker. It was also the intention that such residue of said trust vested in the said Edward Banker subject to being divested in case the said niece, Marie Gottsberger, should leave issue her surviving, and it was not the intention of the testator that such residue of said trust fund should pass into his residuary estate to his wife. Neither was it the intention of said testator to die intestate as to such residue. Such construction of the will is consistent with the decided cases. (*Matter of Werlich*, 230 N. Y. 516; *Matter of Brown*, 93 id. 295, 298; *Goebel* v. *Wolf*, 113 id. 405; *Matter of Brown*, 154 id. 313; *Stringer* v. *Young*, 191 id. 157; *Roosa* v. *Harrington*, 171 id. 341.)

The law favors the vesting of estates and a construction which will prevent the disinheritance of the issue of a remainderman who may die during the existence of the precedent estate. (*Lewis* v. *Howe*, 174 N. Y. 340; *Hersee* v. *Simpson*, 154 id. 496, 500, 502; *Nelson* v. *Russell*, 135 id. 137, 140; *Manice* v. *Manice*, 43 id. 303, 368; *Connelly* v. *O'Brien*, 166 id. 406; *Trowbridge* v. *Coss*, 126 App. Div. 679, 683; *Foote* v. *Peaslee*, 206 id. 329; affd., 237 N. Y. 586.)

The remainder is vested, not contingent. (R. S. pt. 2, chap. 1, tit. 2, §§ 11, 13; Id. pt. 2, chap. 4, tit. 4, §§ 1, 2; *Moore* v. *Littel*, 41 N. Y. 66.)

The words in said will " upon the decease * * * to pay over and transfer the principal " do not import contingency. These words simply postpone the enjoyment of the estate and not the vesting. (*Connelly* v. *O'Brien*, 166 N. Y. 406; 1 Jarm. Wills [6th Am. ed.], chap. 25, p. *763; *Moore* v. *Lyons*, 25 Wend. 119; *Staples* v. *Mead*, 152 App. Div. 745, 749; *Hersee* v. *Simpson*, 154 N. Y. 496, 500; *Nelson* v. *Russell*, 135 id. 137, 140; *Livingston* v. *Greene*, 52 id. 118, 123.)

The decree of the Surrogate's Court of Westchester county should be modified by striking therefrom the paragraph, numbered 7, which determines that the corpus of the trust created by the 1st paragraph of the last will and testament of James H. Banker, deceased, passes to the estate of Ellen Josephine Banker, as residuary legatee and devisee under the said will, and by striking from said decree the provision which directs that the accounting party pay the sum of $24,300.12 to Sara H. Kent and Clara A. Bowron, as executrices of the last will and testament of Ellen Josephine Banker, deceased; by providing, in place thereof, that the corpus of the trust so created passes to the estate of Edward Banker, deceased,

and by directing that the accounting party pay the said sum of $24,300.12 accordingly. As so modified, the decree should be affirmed, with costs to appellant payable out of the estate.

Present — LAZANSKY, P. J., RICH, HAGARTY, SEEGER and CARSWELL, JJ.

Decree modified as stated in opinion and as so modified unanimously affirmed, with costs to appellant payable out of the estate.

Findings of fact and conclusions contained in said decree inconsistent herewith are reversed, and new findings and appropriate conclusions will be made. Settle order on notice.