In the Matter of the Estate of Rebecca E. Dyckman, Deceased.

Surrogate's Court, Westchester County, October 30, 1930.

Edward G. Halsey, for the trustee, petitioner.

Samuel S. Pines [Samuel S. Pines and Leonard F. Fish of counsel], for Helen Lott Dyckman Lounsbury, surviving granddaughter.

Clark, Close & Davis [Alfred M. Bailey of counsel], for Charles R. Happ and Edward J. Cavanaugh, great-grandchildren.

SLATER, S. This is a proceeding for the construction of two paragraphs of decedent's will. Rebecca E. Dyckman executed her will August 31, 1897, and died March 17, 1902. The will was admitted to probate March 31, 1902. Among her children was one Pell V. Dyckman. At the date of the will he had two daughters, Beatrice Louise Dyckman and Helen Lott Dyckman. Pell V. Dyckman died March 29, 1930, leaving, among others, the daughter, Helen Lott Dyckman, him surviving. Beatrice Louise Dyckman Happ-Cavanaugh died prior to Pell V. Dyckman. She was twice married and died leaving two children who are parties and contenders herein. When the will was executed the two daughters of Pell V. Dyckman were unmarried.

By the 14th paragraph of the will certain real estate was devised in trust upon the following terms: " * * * in trust to receive the rents, issues, income and profits arising therefrom, and after paying the taxes, assessments, insurance and necessary expenses in connection with the repairs, care and keep of said premises to apply the balance of said rents, issues, income and profits to the use of my son Pell V. Dyckman, now residing in the City of New York, during the term of his natural life; and upon the death of the said Pell V. Dyckman, I give, bequeath and devise the premises so held in trust to his two daughters *Beatrice Louise Dyckman* and *Helen Lott Dyckman or to the survivor of them in the event of the death of either before the death of the said Pell V. Dyckman;* * * *."

By paragraph 15 of the will a trust was created in the sum of $3,500, in the following words: " * * * to receive and invest the same in first bonds and mortgages upon lands situated in Peekskill, N. Y., or to deposit the same in the Peekskill Savings Bank or in both ways, and apply the interest, income and profit therefrom to the use, support and maintenance of the said *Pell V.*

*Dyckman, during the term of his natural life,* and upon his death I order that so much of said trust fund be used as may be necessary to pay the funeral expenses of said Pell V. Dyckman in default of any unexpended income in the hands of said trustee at said time of death. The balance of said trust fund and income I give and bequeath as follows, viz.: \* \* \* *The balance of said trust fund of Thirty-five hundred dollars I give and bequeath to Beatrice Louise Dyckman and Helen Lott Dyckman daughters of my son the said Pell V. Dyckman share and share alike or to the survivor of them in the event of the death of either before the death of the said Pell V. Dyckman.*"

The real estate given in trust under the paragraph 15 of the will was sold some years ago and a substantial fund was received therefrom.

The two children of the granddaughter, Beatrice, who predeceased Pell V. Dyckman, contend that their mother, Beatrice Louise Dyckman Happ-Cavanaugh, had a vested remainder in one-half of the premises mentioned in said paragraphs, and, upon her death, her interest descended to her two children. It is further claimed that the will is not clear, but leaves a strong possibility of partial intestacy.

There is no ambiguity in the language used in the trust paragraphs. The draftsman was a lawyer who knew the meaning and force of legal terminology and we find him using words with exactness. (*Matter of Wells*, 129 Misc. 447.)

Intention is to be sought in all the words of the decedent, and, when ascertained, is to prevail. In the instant case it would appear that decedent's intention is clear as evidenced by her own words. The intention of the testatrix is expressly declared. The language of the will admits of but one construction. In determining the testatrix's intent we must assume that she contemplated a reasonable and natural construction of the language used.

The words of gift were to the two named granddaughters with the gift of substitution to the survivor of them, in the event of the death of either before the death of the life beneficiary. The words of gift to the survivor are words of substitution. (*Matter of Evans*, 234 N. Y. 42; *Matter of Burdsall*, 128 Misc. 582; affd., 221 App. Div. 756.)

The primary trust was for Pell V. Dyckman, and upon his death, but not before, his two daughters were to succeed to the enjoyment of the estate. Call it vested or contingent as you may, it was subject to be divested by their dying before their father, according to the very words of the will. Distribution was to be made upon the death of the life beneficiary and those entitled to remainder

take nothing except as it may pass to them pursuant to the terms of the will. (*Matter of Bostwick*, 236 N. Y. 242.)

In the instant case the will-maker fixed by her words the time of vesting, the death of her son, the life beneficiary. Only upon the ending of the trust term can it be determined who takes the estate in possession. It then becomes fixed and certain. The very provision for a substitutional gift over to the survivor indicates an intent to make survivorship at the time set for distribution of the fund a test of right to participate therein. (*Matter of Evans, supra; Matter of Bostwick, supra; N. Y. Life Ins. & Trust Co.* v. *Winthrop*, 237 N. Y. 93, 102; *Matter of Leverich*, 125 Misc. 130; *Matter of Wronkow*, 127 id. 679; *Matter of Bawden*, 135 id. 614.) For the converse of this, see *Matter of Banker* (223 App. Div. 496).

The employment of the word " upon " the death of said Pell V. Dyckman was as an adverb of time and simply postpones the possession of the estate. It relates merely to the time of enjoyment and not to the vesting of the interest. (*Matter of Foster*, 133 Misc. 222 and cases cited; affd., 227 App. Div. 668.) The children of the deceased granddaughter entirely lose sight of the fact that by the express terms of the will there is a gift over of the remainder interest of their mother in the event of her death prior to that of the life beneficiary. (*Matter of Latham*, 133 Misc. 36.)

The word " survivor " is synonymous with the word " living " and their meaning is perfectly clear and distinct. (*Matter of Marson*, 128 Misc. 791.) The word " *surviving* " is all important. The trust was created for the son. He was the immediate object of her bounty, not the ulterior remainderman. The remainder was given to two certain named granddaughters *surviving* the life of the trust. (*Matter of Kissam*, 115 Misc. 724.) The words of survivorship cannot be rejected as meaningless or repugnant. (*Matter of Buechner*, 226 N. Y. 440; *Matter of Einstein*, 113 Misc. 105; *Matter of Parsons*, 124 id. 394; affd., 214 App. Div. 802; mod. and affd., 242 N. Y. 246; *Matter of Levey*, 135 Misc. 413.)

I hold that the testatrix clearly intended that the vesting should be postponed until the time for distribution, and then to vest in such persons as answered to the description of her words. (*Matter of Buttner*, 125 Misc. 224; affd., 215 App. Div. 62; mod. and affd., 243 N. Y. 1.) The corpus of the two trust funds should be paid to Helen, the granddaughter who survived the life beneficiary, Pell V. Dyckman.

Submit decree accordingly.