(120 App. Div. 347)

### FARMERS' LOAN & TRUST CO. v. KIP et al.

(Supreme Court, Appellate Division, First Department. June 14, 1907.)

**1. PERPETUITIES—CREATION—INSTRUMENTS—CONSTRUCTION.**

Testator created a trust for the benefit of his children, and provided that, on the death of the longest liver of his two daughters, his executor should sell the property and distribute one-fifth to the appointees of testator's daughter J. by deed or will, and in default of appointment, to her heirs at law. *Held*, that J. having attempted to exercise the power by a will creating a trust for the benefit of K. for life, and on her death to her issue in fee, and, in default of issue, to certain others, the two wills should be construed as a single instrument in determining whether the exercise of the power was void as creating a perpetuity.

**2. SAME.**

Testator created a trust of certain land for the benefit of two of his daughters, and provided that at the death of the longest liver of them one-fifth should be paid to the appointees of testator's daughter J. by deed or will, and, in default of appointment, to her heirs at law. J. attempted to appoint by will in trust for the benefit of K. for life, then to her issue, if any, in fee, otherwise to certain others. *Held*, that the provision authorizing the appointment by J. by deed or will did not contemplate that the fee should ever be vested in her, and that her attempted appointment was therefore void as creating a perpetuity.

Appeal from Special Term, New York County.

Action by the Farmers' Loan & Trust Company as substituted trustee, etc., against Frances C. Kip and others, impleaded with Henrietta S. Fearing and others. From an interlocutory judgment in favor of plaintiffs (102 N. Y. Supp. 137), defendants Kip and others appeal. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

William G. Choate, for appellant F. C. Kip.
John L. Cadwalader, for appellant Fearing.
Fritz W. Hoeninghaus, guardian ad litem, for appellant W. B. Kip.
Frederick H. Man, for respondent Farmers' Loan & Trust Co.
Charles F. Brown, for respondents L. Q. Jones and others.

SCOTT, J. The judgment appealed from declares invalid an attempted appointment contained in the will of Frances Jones. George Jones,

the father of Frances Jones, died in 1866; his heirs being his three daughters, Rebecca Mason Jones, Frances Jones, and Margaret Smith, his grandson David Butler Fearing, his grandson, Lewis Quentin Jones, and his great-granddaughter, Frances Coster Jones (now Frances Coster Kip), the two latter being the only descendants of a deceased son. He left a will whereby he gave to his executor the real estate in the city of New York, known as "No. 70 Broadway," "during the life of the longest liver of my daughters Frances Jones and Rebecca Mason Jones," in trust to lease the same and to pay the net income arising therefrom to the above-named heirs, in certain proportions, one-fifth of said income to be paid to his daughter Frances Jones, and a like proportion to each of his other daughters. The will then provided as follows:

"At the death of the longest liver of my said daughters Frances and Rebecca, I empower my executor to sell the said premises No. 70 Broadway, and I give and devise the proceeds thereof, as follows: One fifth thereof to the appointees of my daughter Frances Jones, by deed or will and, in default of such appointment, to her heirs at law."

The remainder of the proceeds of the sale of the property were similarly disposed of in favor of the other heirs. Frances Jones outlived her sister Rebecca, and died on April 15, 1906. She had never married, and left a will by which she apparently attempted to exercise the power of appointment given to her by her father's will. She gave to the New York Life Insurance & Trust Company, as trustee, all the rest, residue, and remainder of her estate of which she might die seised or possessed, or subject to her disposal by will, in trust for the benefit of Frances Coster Kip during her lifetime, and, upon her decease, the same was given to her issue, if she left any, absolutely, but, if she should die without issue her surviving, the same was given to David Butler Fearing and Louis Quentin Jones in certain proportions.

This attempted appointment by Frances Jones is by the judgment appealed from declared to be invalid as contravening the statute against perpetuities. It must be conceded that, in estimating the extent of the suspension of the power of alienation, the will creating the power of appointment and the will attempting to exercise it must be read together as if constituting a single disposition. Real Property Law, Laws 1896, p. 583, c. 547, §§ 156–159; Dana v. Murray, 122 N. Y. 604, 26 N. E. 21. The validity of the attempted appointment by Frances Jones must therefore be tested by reading the provisions of her will into the will of George Jones, and, so reading, we find the absolute power of alienation suspended during the life of the longest liver of Rebecca Mason Jones and Frances Jones, and, after the death of said longest liver, for the lifetime of Frances Coster Kip. There can be no doubt that, by limiting the trust estate upon the life of the "longest liver" of two daughters, George Jones effectually suspended the absolute power of alienation for two lives. Gross v. U. S. Trust Co., 131 N. Y. 330, 30 N. E. 125, 15 L. R. A. 606, 27 Am. St. Rep. 597. By necessity the trust estate was limited upon the life of the "shortest liver" of the two, as well as upon that of the "longest liver," and hence must exist during two lives. It would seem to follow

that a further limitation for the life of Frances Coster Kip must be held to be violative of the statute and invalid. Cutting v. Cutting, 86 N. Y. 522; Crooke v. County of Kings, 97 N. Y. 421; Genet v. Hunt, 113 N. Y. 158, 21 N. E. 91.

The principal argument urged by the appellants is based upon the provision in the will of George Jones to the effect that his daughter Frances might make the appointment of the persons to whom the estate was to go upon her death, as well by deed as by will. The argument is that the use of the word "deed" imports a conveyance during the lifetime of the donee of the power, and that Frances Jones could therefore have exercised the power during her lifetime by making a deed of appointment to herself, and thus have invested herself with the fee, or, at least, with the remainder. This argument rests upon the provisions of 1 Rev. St. (1st. Ed.), p. 732, pt. 2, c. 1, tit. 2, §§ 81 to 85, inclusive (now re-enacted as section 129 to 133, inclusive, of the real property law), and reliance is had upon Deegnan v. Wade, 144 N. Y. 573, 39 N. E. 692, and Hume v. Randall, 141 N. Y. 499, 36 N. E. 402. In the latter case, however, Judge Peckham clearly points out the distinction to be observed between these cases and Cutting v. Cutting, supra, Crooke v. County of Kings, supra, and Genet v. Hunt, supra, by showing that in these latter, as in the case at bar, no estate vested in the donee of the power, and she had no power to alien her life interest in the rents and profits, and consequently there is no room for the application of the section above cited from the Revised Statutes, and the same conclusion is compelled by a careful reading of Cutting v. Cutting, supra. The whole scope of George Jones' will seems to preclude any idea that he intended that any title to the property should vest for a single instant in Frances Jones. During her lifetime the title is vested in the trustee. Her interest was limited to the right to receive the rents and profits, and this interest was, by statute, inalienable. She was not given, in terms, power to grant or devise the property or its proceeds; her power being limited to "appointment" or designation, the gift to the appointee being directly from the donor of the power, and to become effective only at the death of Frances Jones. If her power had been limited to an appointment by will, it seems to be entirely clear, under the cases above cited, that it could not have been successfully claimed that she ever acquired any title to the estate. To claim that a result, so obviously contrary to the intention of the testator must be arrived at merely because he provided that the appointment might be made by "deed," is to give to that word, unnecessarily as we think, its restricted, though common, definition as a deed of conveyance; for technically the use of the word "deed" does not necessarily import a conveyance. Sanders v. Riedinger, 30 App. Div. 277, 284, 51 N. Y. Supp. 937. Its primary meaning was "an instrument consisting of three things—writing, sealing, and delivering" (Co. Litt. 171, 2 Bl. Com. 295), and it is in this sense, as we think, that it should be construed in the present case. In other words, as we construe the will of George Jones, it was his purpose to give by his will the remainder, after the death of his two daughters, to such person or persons as his daughter Frances

should appoint either by an instrument in the nature of a deed executed in her lifetime or by a will, but in either event the gift was to come from him, and the only subject to which the appointment should apply was to be the remainder after the expiration of the trust estate. No other question presented by this appeal calls for discussion.

The judgment must be affirmed, with costs in this court, payable out of the fund, to all parties separately appearing. All concur. PATTERSON, P. J., in result.