(Surrogate's Court, New York County. October 31, 1913.)

1. PERPETUITIES (§ 6*)—SUSPENSION OF POWER OF ALIENATION—POWER OF APPOINTMENT—EXECUTION.

In determining the application of the rule against perpetuities, the provisions in a will executing a power of appointment relate back to the instrument creating the power and must be considered as if embodied therein.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–47, 49–53, 56; Dec. Dig. § 6.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PERPETUITIES (§ 6*)—DEVISEES—VALIDITY.

Where a testator devised property in trust to his grandson for life, giving a power of appointment to the grandson, who exercised the power by will devising the property in trust, the income from one moiety to be paid to his wife for life, and that from the remainder to be paid to her until the grandson's child should reach the age of twenty-one years, the interest of the widow in both moieties cannot be defeated by the statute against perpetuities, as she was in being at the time of the death of the original testator and such bequests can be separated from those in favor of the child.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–47, 49–53, 56; Dec. Dig. § 6.*]

3. EXECUTORS AND ADMINISTRATORS (§ 507*)—ACCOUNTING—MATTERS JUSTICIABLE.

Upon an accounting by the executor of the original testator, the validity of trusts, created by the devisee's exercise of a power of appointment, which are to commence in futuro, should not be determined.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2004, 2005, 2178–2191; Dec. Dig. § 507.*]

In the matter of the judicial settlement of the accounts of the Bankers' Trust Company of the City of New York, as substituted trustee for Harry Dillon Ripley, under the will of Sidney Dillon. Account settled.

John C. Thomson and George S. Clay, both of New York City, for substituted trustee.

Edward D. Bettens, of New York City (Samuel B. Clarke, of New York City, of counsel), for the executors and trustees and for Mrs. Ripley individually.

Dawson Coleman Glover, of New York City, special guardian.

FOWLER, S. This matter is before the court on the settlement of the account of the Bankers' Trust Company, as substituted trustee for Harry Dillon Ripley under the will of the late Mr. Sidney Dillon. No objections have been filed to the account, and the question here concerns the disposition to be made of the trust property now in the possession of the accountant. Answers have been filed by Alice Louise Ripley, the widow of Mr. Harry Dillon Ripley, individually and as executrix of Harry Dillon Ripley's will, and by Emerson Foote, Jr., as executor and trustee under the will of Harry Dillon Ripley, in which answers they admit the correctness of the account, and in which they claim that the trust property, less proper reservations, ought to be immediately transferred and delivered by the trustee to the executors under the will of Harry Dillon Ripley for due administration. Mr. Dawson Coleman Glover, the special guardian for Harry Dwight Dillon Ripley, the infant son of Harry Dillon Ripley, files his report, in which he finds the account of the trustee to be correct, and recommends that the trust property be immediately transferred and delivered by the trustee to the executors under the will of Harry Dillon Ripley for administration, as claimed by the answers interposed by Mrs. Ripley and Mr. Foote.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Sidney Dillon died June 10, 1892, and his will was admitted to probate in July, 1892. By article 2 of the will of Mr. Dillon a trust was created for the use of his grandson Harry Dillon Ripley during his life, and the following direction was made by the said testator as to the payment of the interest and as to the disposition of the share at the death of the life beneficiary:

"The current income of their respective shares in said trust property shall be paid semiannually to the said daughters and grandsons, but the principal thereof shall be retained and kept and reinvested by the said trustees during the respective lives of said daughters and grandsons, and on the death of either leaving lawful issue surviving, the share of the one so dying, shall, unless otherwise disposed of as directed by the last will of the one so dying, be held for the use and benefit of such lawful issue, equally, share and share alike, and failing such issue, shall go to and vest in my surviving daughter or daughters, alike equally share and share, and the lawful issue of such of them as shall have deceased, such issue taking the share the parent would have taken if living, and the trustees shall pay and convey accordingly, or to the guardians of such as may be under age."

Harry Dillon Ripley, a grandson of Sidney Dillon, died February 8, 1913, leaving a will made in England which was admitted to probate in this jurisdiction on May 5, 1913, by which will Harry Dillon Ripley sought to exercise the power of appointment created in the foregoing clause of the will of Sidney Dillon. Harry Dillon Ripley left him surviving Alice Louise Ripley, his widow, who was in being at the time of the death of Sidney Dillon, and one child, Harry Dwight Dillon Ripley, an infant under the age of 14 years, who was born October 30, 1908, and was not in being at the time of the death of Sidney Dillon.

After providing for the payment of debts, funeral expenses, and testamentary charges, and making certain bequests, the will of Harry Dillon Ripley, in the ninth clause thereof, provides as follows:

"All the rest, residue and remainder of my estate, both real and personal, of whatever nature and wherever situated, including all estate or property over which I may now or hereafter have power of appointment or disposal under the will of the late Sidney Dillon or under deed of trust dated twenty-seventh April, one thousand eight hundred and ninety-nine, executed by me to the Knickerbocker Trust Company and Sidney Dillon Ripley, or otherwise, I give, devise and bequeath to my executors hereinafter named as trustees, to have and to hold the same for and upon the following trusts, videlicet:

"(1) To hold, invest and reinvest, etc."

"(2) To pay the rents, issues, profits, interest, dividends and other income (all of which premises are hereinafter referred to as the said income) of the said trust estate to my said wife Alice Louise Ripley during her life, but subject as regards one moiety of the said income to the provisions hereinafter contained in favor of my children and issue.

"(3) As soon as my son or any other child of mine shall attain the age of twenty-one years then to pay one-fourth part of the said income (subject to clause (6) next hereinafter contained) to him or her during his or her life unless and until some event shall have happened or shall happen whereby the same fourth part or any part thereof if belonging absolutely to him or her would become vested in or charged in favor of some other person or a corporation."

(The fourth paragraph of Harry Dillon Ripley's will makes provision for the payment of the income of one-fourth in the event of having two or more children who attain the age of 21 years.)

"(5) As soon as any child of mine shall attain the age of twenty-five years, then to pay another fourth part of the said income (subject to clause 8 next hereinafter contained) to him or her during his or her life, subject to the like

provision for forfeiture of the same income as hereinbefore contained concerning the first mentioned one-fourth part."

(The sixth paragraph makes provision for the payment of the income of the second one-fourth part in the event of two or more children attaining the age of 25 years.)

"(7) To pay over, convey and transfer one moiety of my residuary real and personal estate to and amongst all such of my children as shall attain the age of thirty years, if more than one in equal shares, unless some event shall have happened or shall happen whereby the same premises or any part thereof if belonging absolutely to him or her would become vested in or charged in favor of some other person or a corporation, and upon such payment over and transfer the directions hereinbefore contained for payment of income to him or her shall cease."

(The eighth paragraph provides for the contingency of any child dying before attaining the age of 30 years.)

(The ninth paragraph provides for the failure or determination during the life of any child of the trusts.)

(The tenth paragraph makes provision by which the issue of any child dying before attaining the age of 30 years shall take the share of the parent.)

"(11) Upon the death of my said wife then to hold the remaining moiety of my said estate upon trust for all or any of my children or child who being sons attain the age of twenty-one years, or being a daughter or daughters attain that age or marry, if more than one in equal shares, but subject to the trusts and powers hereinafter declared concerning the same."

## The twelfth clause of the will provides as follows:

"(12) Upon the death of my said wife Alice Louise Ripley, leaving no issue of mine who shall live to attain a vested interest in the said premises under the trusts aforesaid, then and in that event my trustee shall pay the said income of the said trust estate to my wife's sister, Maud Cross, during her life, and after her death my trustees shall hold all my said estate and the income thereof in trust for such of my two brothers, Julien Ashton Ripley and Louis Arthur Ripley, as shall be living at the time of the failure or determination of the prior trusts hereinbefore contained, and the children then living of such of my said two brothers as shall be then dead in equal shares per stirpes."

[1] The accounting trustee incidentally asks the court to decide whether or not the trusts sought to be created by the will of Harry Dillon Ripley offend the statute of New York against perpetuities. First, it is claimed by the trustee, accountant, that the provisions contained in the will of Harry Dillon Ripley, executing, or attempting to execute, the power of appointment conferred by the will of Sidney Dillon, must be read into the will of Sidney Dillon, and that the validity or invalidity of these provisions is to be determined as if they were so read into said will of Sidney Dillon, or as if they had been originally limited by the donor of the power, or as of the date of the death of Sidney Dillon, in other words. This contention is not questioned and cannot be. It is suggested by the accountant trustee that there are three possible constructions of the power of appointment, none of which would violate the New York statute against perpetuities: First, that the power of appointment deals with the estate as an entirety, and that the whole is then invalid. In that event the share of the widow would be involved in the invalidity of the provisions for the son of Harry Dillon Ripley, and the principal should be paid to the general guardian of the son under the terms of Sidney Dillon's will. Second, if there can be a division of the principal of the trust fund into sepa-

rate parts, the widow's share may be restricted to a life estate in one-half the trust fund, and the other one-half paid to the general guardian of the son. Third, the segregation may not take place until the son attains the age of 21 and 25 years, respectively, and the whole trust be valid as to the widow until the son attains 21 years, when one-fourth would be segregated and become payable to the son; then three-fourths of the trust, valid as to the widow until the son attains 25, when another one-fourth would be segregated and become payable to the son, and the remaining one-half be a valid trust as to the widow for life.

[2] The will of Sidney Dillon, which confers the power of appointment on his grandson, Harry Dillon Ripley, if read in connection with the will of the latter, executing the power, and it is conceded that this must be done (Fargo v. Squiers, 154 N. Y. 250, 259, 48 N. E. 509; Genet v. Hunt, 113 N. Y. 158, 170, 21 N. E. 91; Dana v. Murray, 122 N. Y. 604, 26 N. E. 21; Farmers' Loan & Trust Co. v. Kip, 120 App. Div. 347, 349, 104 N. Y. Supp. 1092, affirmed 192 N. Y. 266, 85 N. E. 59; Farmers' Loan & Trust Co. v. Shaw, 127 App. Div. 656, 659, 107 N. Y. Supp. 337, 111 N. Y. Supp. 1118), creates a suspension of the power of alienation during the life of the grandson of Sidney Dillon, and also during the life of the latter's widow, as to one-half of the interest given to her by her husband for life. As to the other one-half of such interest, one-fourth thereof upon the infant son of Harry Dillon Ripley reaching the age of 21 years, and another one-fourth thereof upon his reaching the age of 25 years, were to be held in trust for such son until he reached 30 years of age; he becoming then absolutely entitled to the capital so directed to be held in trust for him, but in the event of his death before reaching 30 years of age, the same were to go over to others, not including the widow. The interest of the widow in the one-half, which she took for life, as well as in the other one-half which was liable to be defeated by the infant attaining the ages mentioned, can, as well as the trust created for the grandson, be treated as separable and segregated from the dispositions made for the benefit of the son of Harry Dillon Ripley and the other parties to whom the will of the grandson of Sidney Dillon, under certain contingencies, provided they should go. The interest of the wife in the one-half, given for the benefit of the child, may be treated as, and in substance and effect is, a provision, for a trust for the wife until the child in one event reaches 21, and in the other 25 years of age, provided she so long lives, and then the child reaching these ages the respective trusts for his benefit to commence and to continue until he reaches thirty. Obviously the trust for the wife, either in the share that she retains for life, or in the share that is liable to be defeated by the contingencies mentioned, could not exceed one life. This being so, and the trust for her benefit being treated, as it should be, as separable from the other dispositions made by the will, the trust for her can in any event be sustained and is valid, as its duration and that of the trust for her husband created by the will of Sidney Dillon would not, taken together, endure for more than two lives in being at the death of Sidney Dillon. Whether or not the trusts for the benefit of the said child of Harry Dillon Ripley, which are to commence at the times men-

tioned, or the other dispositions made in the will of Harry Dillon Ripley in regard to the property affected by it, are valid, are questions which cannot be determined now, because no occasion arises for it. Mount v. Mount, 185 N. Y. 162, 77 N. E. 999.

[3] It being determined that the trust for the benefit of the wife of Harry Dillon Ripley is valid, the other questions as to the validity or invalidity of the other dispositions of the will of Harry Dillon Ripley are purely abstract, or at this time academic, as their solution could not affect any present distribution or disposition of the trust property, and therefore the Surrogate does not feel called upon to express an opinion in regard thereto.

The trust fund, subject to the necessary reservations to be agreed upon by the parties, should be turned over by the trustee to the executors of Harry Dillon Ripley, subject to such rights as any persons may have acquired by virtue of the exercise of the power given to Harry Dillon Ripley. Settle decree accordingly.