In the Matter of the Estate of HERMAN WRONKOW, Deceased.

Surrogate's Court, New York County, December 18, 1925.

**Wills — construction — decedent after leaving residue of estate in trust for his wife directed his executors upon death of wife " to pay, distribute and divide the trust estate then remaining in their hands " to designated remaindermen, including issue of decedent's sisters — remainders limited on life of wife were contingent and must be determined as of date of her death — distribution must be made to issue living at termination of trust on widow's death.**

In an accounting proceeding under a will by which the decedent after leaving the residue of his estate in trust for his wife directed his executors upon the death of his wife " to pay, distribute and divide the trust estate then remaining in their hands " to designated remaindermen including the issue of decedent's sisters, the remainders limited on the life of the wife were contingent and must be determined as of the date of her death; therefore, distribution must be made to the issue living at the termination of the trust on the date of the death of decedent's widow.

PROCEEDING by trustees for an accounting involving construction of decedent's will.

*Stewart & Shearer,* for the United States Trust Company of New York, as trustee.

*Morgan J. O'Brien, Jr.,* for Morgan J. O'Brien, as trustee.

*Tolbert, Ewen & Patterson,* for Rosa Lesser, administratrix.

*Morris Hillquit,* for Harry Wronkow and other legatees

*Harry J. Ahlheim,* for Kenneth Mott and others as executors of Serena Wronkow, deceased.

*John J. Glynn,* special guardian.

FOLEY, S.   This is an accounting of the trustees of the trust created under the will of testator for the benefit of his wife, Serena Wronkow.   The testator died November 30, 1910, and his widow, the life beneficiary, on the 30th day of November, 1923.   Dispute has arisen concerning the proper distribution of the trust estate to the remaindermen.   Accordingly, the accounting trustees have requested a construction of the will.   The material parts of the will read as follows:

"*Seventh.* All the rest, residue and remainder of my estate I give, devise and bequeath to my executors and trustees hereinafter named in trust nevertheless for the uses and purposes hereinafter set forth.

"*Eighth.* To invest and keep invested all said rest, residue and

Surrogate's Court, New York County, December, 1925.     [Vol. 127

remainder of my said estate, and during the life of my faithful wife, Serena Wronkow, to pay over to her the entire net income of said trust estate, in either monthly, quarterly or semi-annually payments as she may elect, and if said net income shall not in any year be the sum of twelve thousand dollars ($12,000), then I direct my executors and trustees to pay to my said wife, out of the principal of said trust estate such sum as may be necessary to equal the said sum of twelve thousand dollars ($12,000); it being my desire and intent that my wife shall receive not less than twelve thousand dollars ($12,000), in each and every year during her life."

By paragraph 9 the testator directed his executors and trustees upon the death of his wife " to pay, distribute and divide the trust estate *then remaining in their hands.* * * * " (Italics mine.) After directing the payment of $2,000 to each of three charitable institutions, the will continues:

"*Tenth.* All the rest, residue and remainder of my trust estate still remaining in the hands of my executors and trustees, after making the aforesaid payments, amounting to six thousand dollars ($6,000), I direct my executors and trustees to divide into six equal parts, and to distribute the same as follows: One equal sixth part thereof to my brother, Louis Wronkow, now residing at Berlin, Germany; one equal sixth part thereof to my sister, Cecilia Gumpert, now residing at Berlin, Germany; one equal sixth part thereof to my sister, Rosa Bachrach, wife of Juda Bachrach, now residing at 33 Damtertor, Hamburg, Germany; one equal sixth part thereof to the issue of my deceased sister, Rosalie Loewenthal, wife of Bernard Loewenthal, who resided at the time of her death at Biesenthal, Germany, said one-sixth part to be equally divided among such issue, *per stirpes* and not *per capita;* one equal sixth part thereof to the issue of my deceased sister, Johannes Manheim, wife of Julius Manheim, who resided at the time of her death at Erkner, Germany, said one-sixth part to be divided equally among such issue *per s'irpes* and not *per capita;* one equal sixth part thereof to my friend Maud Elizabeth Hewitt, daughter of Alice D. Hewitt, now residing at No. 106 West 77th street, borough of Manhattan, city of New York.

"*Eleventh.* In the event that either or any of the beneficiaries mentioned in the last preceding paragraph of my will, to wit, Louis Wronkow, Cecelia Gumpert, Rosa Bachrach or Maud E. Hewitt should die before my said wife, Serena Wronkow, I direct that the share of the one so dying shall be distributed equally among the issue of said decedent *per stirpes* and not *per capita,* and in case either or any of said last named beneficiaries shall die before said wife, Serena Wronkow, without issue surviving at the death of my

said wife, then and in that event I direct that the share of my trust estate to which the beneficiary so dying would have been entitled shall revert to and become a part of my residuary trust estate, which in that event shall be distributed and divided into less than six equal parts as the case may be. The provision herein made to be in lieu of dower."

The question here is whether the membership of the respective classes of the issue of the testator's deceased sisters, Rosalie Loewenthal and Johannes Manheim, named as remaindermen in the last two sentences of paragraph 10, is to be determined as of the date of testator's death or as of the date of the death of the life beneficiary. In other words, were the remainders limited on the life of Serena Wronkow vested or contingent? I hold that these remainders were contingent. This will contains no bequest to the remaindermen presently or directly. (*Matter of Baer*, 147 N. Y. 348, 354.) The only words of gift are contained in a direction to divide, pay over and distribute to the remaindermen at a future time; *i. e.*, on the death of the life beneficiary. With reference to the issue of his two deceased sisters, the testator directs, in paragraph 10, that there be distributed to them " one-sixth part thereof, * * * said one-sixth part to be equally divided among such issue. * * *." The widow of the testator was the primary object of his bounty.

. The trustees, it is to be noted, were given power to invade the principal of the trust fund for her support, should the income in any one year be less than the sum of $12,000. The contingent character of the remainders limited on her life is further emphasized by the direction of testator in paragraph 9 to " pay, distribute and divide the trust estate then remaining in their hands," and the further direction in paragraph 10 to divide into six parts and to distribute " all the rest, residue and remainder of my trust estate still remaining in the hands of my executors and trustees, after making the aforesaid payments. * * *." Under the decisions of the courts of this State the remaindermen took contingent future interests. (*Matter of Bostwick*, 236 N. Y. 242; *Wright* v. *Wright*, 225 id. 329, 336; *Matter of Pulis*, 220 id. 196; *Matter of Crane*, 164 id. 71; *Matter of Hogarty*, 62 App. Div. 79; *May* v. *May*, 209 id. 19; *Matter of Leonard*, 218 N. Y. 513, 521; *Salter* v. *Drowne*, 205 id. 204.) " Forms and phrases of this kind are at least consistent with a construction which postpones the hour of vesting until the hour of division, or subjects a title which has vested to intermediate contingencies." (*Matter of Evans*, 234 N. Y. 42, 47.)

The will in this proceeding expresses the intention of the testator clearly. In the interpretation of wills the controlling factor is the

intention of the testator.    Where the terms of the will are plain and unambiguous, it is unnecessary to resort to intricate and refined canons of construction.    The language of the testator in paragraph 11 further develops his purpose to annex futurity to the gifts of the remainder.    In that paragraph he provides for substituted gifts over in case each of the four persons specifically named in paragraph 10 should die during the continuance of that trust.    He directed that, if any one of these primary remaindermen should predecease the life tenant, the share of the one so dying should be distributed among his issue.    If no issue survived at the death of the wife, there was a gift over to the other classes of remaindermen named in the ultimate residuary clause — paragraph 10.    As to each group ascertainment awaits final distribution.    These contingent provisions with regard to four of the six parts of the remainder conclusively establish the contingent nature of the remaining two parts involved here.

The parallel scheme in similar language for a prospective distribution and for the determination of persons in each category at the expiration of the life estate is apparent.    The will contemplated a gift to the issue of the surviving brother or sisters as well as to the issue of the deceased sisters, but in each case the ascertainment of the persons constituting the class of issue was postponed.    Following the rule that the intention must be gathered from the whole will, with context and cognate gifts shedding light upon the meaning, these clauses lend substantial support to the primary direction to divide and pay over contained in paragraph 9.    The conclusion follows that distribution is to be made to the issue living at the termination of the trust on November 30, 1923.    This determination effectuates the plain design of the testator by preventing the passing of any part of the trust funds here involved to strangers to his blood.    *Matter of Embree* (9 App. Div. 602; affd., 154 N. Y. 778), relied on by the administratrix c. t. a. of one of the children of Johannes Manheim, who survived the testator but predeceased the life beneficiary, is not applicable here.    The will in that case contained none of the indications found here making the respective shares payable *in futuro*.    Moreover, the decision in that case was distinguished from remainders similar to the gift in the will here by the decision of the Court of Appeals in *Matter of Crane* (164 N Y. 71, 77).

Proceed accordingly.