In the Matter of the Estate of EMMA A. MARSON, Deceased.

Surrogate's Court, New York County, August 11, 1926.

Wills — construction — testatrix made devise to her attorney " if living, and if dead, to his heirs "— said devise was contingent interest only — devisee cannot pass interest therein by will — attorney died before life tenant — attorney's heirs took under testatrix's will and not under his will — whether words " his heirs " include heirs at attorney's death or those who survived until termination of trust must await distribution of estate.

A devise of a portion of the remainder and lapsed legacies to the attorney of a testatrix, " if living, and if dead, to his heirs," gives to the attorney a contingent interest only, and his will purporting to devise his interest in testatrix's estate has no effect.   Accordingly, his children, he having died prior to the termination of the life estate, upon which his interest would have vested, may take said interest by virtue of the will of the testatrix and not by virtue of his will.

The determination of the question as to whether the words " his heirs " were used in their primary sense and comprehended those answering that description of heirs or next of kin at the death of the attorney, or whether they were used in an artificial sense of only those heirs or next of kin who survived until the date of termination of the trust upon the death of the life tenant, must await the ultimate distribution of the estate.

PROCEEDING for an accounting involving a construction of the will of the testatrix.

*Nash & Gottesman* [*Howard P. Nash* of counsel], for the executrix and substituted trustees.

*Peck & Hancock* [*John T. Hancock* of counsel], for Edna Luscomb Fromer.

*Alfred D. Olena* [*Dominick R. Santomenna* of counsel], for Harris T. Luscomb.

*Edward B. Schulkind*, special guardian.

Surrogate's Court, New York County, August, 1926.          [Vol. 128

FOLEY, S.    In this accounting proceeding the surrogate is asked to construe the will of testatrix.    By the material portions of the will the testatrix gave her residuary estate to her executor in trust for the benefit of her sister, Marion Cook, with direction to pay the income to her during her life.    The remainder after the termination of the trust estate was disposed of in the following language:

"*Eighth.* Upon the death of my said sister Marion Cook, I direct that from the money and property so held in trust as above provided, there be paid out, if sufficient therefor, and if not, then *pro rata*, to the following persons, the amounts designated, *if living at such time.*"    Then follow gifts to her nephew George Cook, $500, to Homer Fort, $2,000, to Estelle Fort, $1,000 and to Kate Hovey $500.    The will continues:

"*Ninth.* All the rest, residue and remainder of my property, both real and personal, after making the payments specified in paragraph 'Eighth' hereof, and any and all sums which shall fall into my residuary estate *by reason of the death of any of the persons to whom payments are directed to be made by this Will, before the time appointed for distribution,* and the amount of any legacy which shall lapse by reason of the death of any of the beneficiaries named herein, I give and bequeath, and direct my executor and trustee to pay to Charles H. Luscomb of the Borough of Brooklyn, City of New York, who has been my friend and lawyer for nearly thirty years *if living, and if dead, to his heirs.*"    (Italics mine.)

Marion Cook, the life tenant, is still alive.    Charles H. Luscomb, named as remainderman, who also survived the testatrix, recently died, leaving a will by which he attempted to dispose of his interest in this estate.    The question presented on this application is whether the two children of Charles H. Luscomb take an interest in this estate under his will, or take a larger interest as " his heirs " directly under the will of the testatrix herein.    As appears from the will itself, Mr. Luscomb was an attorney and in his will he indicates his own doubts as to whether the remainder under the Marson will, which he attempted to dispose of, was absolutely vested in him as of the date of death of that testatrix, or was contingent.    In his will he gave two-thirds of his residuary estate in trust for the benefit of his wife.    To his two children who survived him he gave a contingent interest in the remainder of said trust, which is considerably less in amount than the absolute shares which they would take under the will of the testatrix here.    The determination of the question involved must depend on the nature of the interest given by the will of testatrix to Charles H. Luscomb.    If it were an absolutely vested interest, then his children take under his will.    If it were a contingent interest defeasible by his death before the

MATTER OF MARSON.                          793

Misc. 791]    Surrogate's Court, New York County, August, 1926.

death of the life tenant, then they take as his heirs, directly under the will of Emma A. Marson, as substituted remaindermen.

In the will before me the testamentary scheme is most complete and expressed in language containing little or no ambiguity. Upon the death of her sister (the life beneficiary), the testatrix gave specific amounts out of the remainder to legatees designated, in paragraph " eighth," " *if living at such time.*" The very sentence which directs the distribution of the remainder emphasizes also its contingent nature, for it provides that if any one of those persons died " before the time appointed for distribution " then his share fell into the general remainder which was given to Charles H. Luscomb *"if living, and if dead, to his heirs."* The intention is clear to make no absolutely vested gift *in presenti*, when the will speaks, but to defer to the future, that is, at the death of the life tenant, the time of ascertainment of the ultimate ownership. (*Matter of Merrill*, 208 App. Div. 649; affd., 239 N. Y. 517.) The words " to Charles H. Luscomb, if living " clearly mean if living at the termination of the trust. In *Matter of Buechner* (226 N. Y. 440) the gift while a present one in its language, was upon the death of the life tenant to his " living " children. The Court of Appeals there held that the remainder was contingent. In the face of the plain directions of the testator, it refused to apply abstruse canons of construction which tended to reach a result contrary to the expressed intent of the maker of the will. After holding that the remainder was contingent, the opinion in that case proceeds to state: " We need no canon of construction to justify that holding except, indeed, the primary one, to which all others are subordinate, that the intention of the testator is to be sought in all his words, and, when ascertained, is to prevail [*Robinson* v. *Martin*, 200 N. Y. 159, 164; *Mullarky* v. *Sullivan*, 136 N. Y. 227, 230, 232]." (*Matter of Buechner*, 226 N. Y. 440, 444.)

The use of the words " if living " with respect to the contingent gifts to the named beneficiaries in paragraph " eighth " throws strong light upon the similar meaning intended by the words " if living " with respect to the remainder to Mr. Luscomb, that is, they required him to survive the life tenant before he took the remainder. His death, therefore, before that of the life tenant terminated his interest in the fund and rendered nugatory his attempt to bequeath it in his will. Equally convincing is the provision for the substitution of his heirs. If Charles Luscomb be dead at the event fixed by the decedent for the termination of the trust, the alternative and substitutional gift to the heirs is " consistent with a construction which postpones the hour of vesting until the hour of division, or subjects a title which has vested to

intermediate contingencies." (*Matter of Evans*, 234 N. Y. 42, 47; *Matter of Wronkow*, 127 Misc. 679.)

I hold, therefore, that the remainder interest of Charles H. Luscomb was contingent and was terminated by his death before the death of the life tenant.

It is unnecessary at this time to determine the further question whether the words "his heirs" were used in their primary sense and comprehended those answering the description of heirs or next of kin at the date of death of Charles Luscomb; or whether they were used in an artificial sense of only those heirs or next of kin who survived until the date of termination of the trust, that is, the death of the life tenant. The determination of that question may properly await the time of ultimate distribution. (*Matter of Mount*, 185 N. Y. 162; *Matter of Hance*, 180 N. Y. Supp. 269; affd., 192 App. Div. 904; *Matter of Bankers' Trust Company*, 82 Misc. 375.) It may become entirely academic since both of the children of Charles H. Luscomb who are now his heirs and next of kin may be living at that event and each would take a one-half of the remainder under either alternative.

Submit decree on one day's notice construing the will accordingly and settling the account.